O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONTE DESHAWN SIMS,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,[1]<br><br>        Respondent. | Case No. LA CV 15-9454 JCG<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

## I.

## BACKGROUND

On April 9, 2013, a jury convicted Lamonte Deshawn Sims ("Petitioner") of assault by means of force likely to produce great bodily injury. (Lodg. No. 1, Clerk's Transcript ("CT") at 101, 108-09, 146; Lodg. No. 2, Reporter's Transcript ("RT") at 904-05.) The trial court found true an allegation that Petitioner had a prior conviction for bank robbery. (CT at 144; RT at 1201-02, 1214, 1216.) Petitioner was sentenced to prison for a determinate term of eight years. (CT at 143-44, 146; RT at 1216.)

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Christian Pfeiffer as the proper Respondent. *See* Fed. R. Civ. P. 25(d); [*see also* Dkt. No. 16 at 2].

On appeal, the California Court of Appeal ("Court of Appeal") affirmed the judgment, and the California Supreme Court denied review. (*See* Lodg. Nos. 7, 10); *see also People v. Sims*, 2014 WL 3510280 (Cal. Ct. App. July 16, 2014). Subsequently, Petitioner's state habeas petition was also denied. (Lodg. Nos. 12, 13.)

The Court has reviewed the record, and the evidence is accurately summarized in the Court of Appeal's decision on direct review. *See Sims*, 2014 WL 3510280 at *1; *see also* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."). The Court discusses facts below as are pertinent to habeas relief.

## II.

## DISCUSSION

Petitioner asserts six grounds for relief, all of which fail on this record. *See* 28 U.S.C. § 2254(d) (Antiterrorism and Effective Death Penalty Act) ("AEDPA"); *Harrington v. Richter*, 562 U.S. 86, 101-02 (2011).

### A. Grounds One & Five: Instructional Error

In Grounds One and Five, Petitioner presents two claims regarding Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 875.[2] First, he contends that the trial court erred by giving the instruction, which mentioned that the jury could consider injury in deciding whether the crime occurred, without informing the jury that it could also consider the victim's *lack* of injury. [Dkt. No. 1 at 5, 16-26.] Second, Petitioner contends that the government's burden of proof was substantially reduced by the instruction's statement that "[t]he People are not required to prove that the defendant actually touched someone." [Dkt. No. 1 at 6, 47-49.]

---

[2] CALCRIM No. 875 was the trial court's primary instruction on the charged offense of assault with force likely to produce great bodily injury, and reads, in relevant part: "The People are not required to prove that the defendant actually touched someone. [¶] The People are not required to prove that the defendant actually intended to use force against someone when he acted. [¶] No one needs to actually have been injured by defendant's act. But if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was." (CT at 96; RT at 629-31.)

Generally, a claim that a jury instruction was "allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Furthermore, it is not enough that the jury instruction in question is "erroneous" or "even universally condemned," but rather it "must be established" to have violated a constitutional right. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Notably, if the Court determines that an error has occurred, such error warrants federal habeas relief only if it had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

Here, Petitioner's claims fail for four reasons:

- <u>Not Cognizable</u>: First, to the extent that Petitioner bases his claims on alleged errors in state law, such errors cannot form the basis of federal habeas relief. *See* 28 U.S.C. § 2254(a); *McGuire*, 502 U.S. at 71-72; *Carrasco v. Horel*, 2011 WL 6181447, at *17-18 (N.D. Cal. Dec. 13, 2011) (finding claim that jury was improperly instructed on same assault charge is not cognizable on federal review to the extent it was based solely on state law).

- <u>Federal Court Bound By State Court Determinations</u>: Second, this Court is bound by the Court of Appeal's determinations that: (1) Petitioner's "precise argument" in Ground One had been rejected by a previous state appellate court decision; and (2) Petitioner's claim in Ground Five failed because the instruction was consistent with state supreme court law. *See Sims*, 2014 WL 3510280, at *2 (citing *People v. Golde*, 163 Cal. App. 4th 101 (2008)); *People v. Williams*, 26 Cal. 4th 779, 790 (2001); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

- <u>No Prejudice Based on Eyewitness Testimony</u>: Third, the alleged errors had no substantial and injurious effect or influence in determining the jury's verdict in light of the evidence against Petitioner. *See Brecht*, 507 U.S. at 639 (concluding error harmless because "the State's evidence of guilt was, if not overwhelming, certainly weighty"). For example, an eyewitness testified that she heard the victim scream, and saw Petitioner: (1) "sock[] [the victim] in the face" with a closed fist; (2) "grab[] her by the arm" and pull her to the back of a restaurant; and (3) drag her to his car and put her inside it. (RT at 336-40, 342-43.) Additionally, a second eyewitness testified that she:

(1) heard the victim scream; (2) saw Petitioner hit the victim about three times with a closed fist; (3) heard the victim say "Don't hit me. Don't hit me"; and (4) saw Petitioner "stomping and kicking" the victim while she was on the ground. (RT at 364-65, 369, 370-72, 377-79.)

- <u>No Prejudice Because Evidence Belied Lack of Injury</u>: Fourth, Petitioner was not prejudiced because the evidence belied the need for a modified instruction on the victim's lack of injury. *See Brecht*, 507 U.S. at 623; *Crew v. Montgomery*, 2016 WL 5420647, at *15 (C.D. Cal. July 22, 2016) (finding that clarifying or amplifying instruction is not warranted if unsupported by evidence). Specifically, law enforcement officers testified that, upon arriving at the scene, they: (1) found the victim crying loudly, with her hand wrapped around her stomach "as if she [were] in pain"; (2) observed that her left eye was red and swollen; and (3) saw that her clothing was soiled "from the bottom of her pants all the way to the midsection of her jacket." (RT at 405, 408, 422-23.)

Accordingly, Petitioner's First and Fifth claims do not merit federal habeas relief.

**B.     Ground Two: Requested Absence From Trial**

In Ground Two, Petitioner contends that the trial court erred when it denied his request to absent himself from trial. [Dkt. No. 1 at 5, 26-33.]

As a rule, the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment guarantee a criminal defendant's "right to be present at any stage of [a] criminal proceeding that is critical to its outcome[,] if his presence would contribute to the fairness of the procedure." *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (*per curiam*); *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). In certain exceptional situations, a criminal defendant may waive the right to be present during his criminal trial. *See, e.g. Diaz v. United States*, 223 U.S. 442, 457 (1912).

Here, Petitioner's claim fails for two reasons:

- <u>No Established U.S. Supreme Court Precedent</u>: While a defendant has a constitutional right to be *present* at trial that he may waive, *Diaz*, 223 U.S. at 457, Petitioner cites no authority for a constitutional right to be *absent* from

trial. [Dkt. 1 at 5, 26-37]; *see also United States v. Lumitap*, 111 F.3d 81, 84 (9th Cir. 1997) (citing cases holding that there is no federal law supporting a defendant's right to absent himself from courtroom); *Rundle v. Warden, San Quentin State Prison*, 2013 WL 6178506, at *154 (E.D. Cal. Nov. 22, 2013) (finding no constitutional right to be absent from trial); *Copeland v. Walker*, 258 F. Supp. 2d 105, 139 (E.D.N.Y. 2003) (finding that the Supreme Court has never recognized a right of absence from trial). Thus, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1); *see Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (holding that a state court cannot have "unreasonably applied" clearly established federal law if no Supreme Court precedent has squarely answered the question presented).

- No Prejudice: Second, the Court agrees with the Court of Appeal's conclusion that the trial court's refusal to allow Petitioner to absent himself had no impact on the proceedings. *See Sims*, 2014 WL 3510280 at *2; *Brecht*, 507 U.S. at 623. Petitioner did not, for example, have verbal outbursts or otherwise disrupt the trial, creating a possibility the jury would be prejudiced against him. *See Sims*, 2014 WL 3510280 at *2.

Accordingly, Petitioner's second claim does not merit federal habeas relief.

## C. Ground Three: State Court's Failure to Address Claim

In Ground Three, Petitioner contends that his constitutional rights were violated because the Court of Appeal declined to address a Confrontation Clause claim he raised in a *pro se* supplemental brief. [Dkt. No. 1 at 43-44]; *see Sims*, 2014 WL 3510280 at *2;[3] (Lodg. No. 6 at 1-2).

The Sixth Amendment provides a criminal defendant with a right of self-representation. *See Faretta v. California*, 422 U.S. 806, 832 (1975). However, that right is not absolute. *See id.* at 835. As a rule, a criminal defendant does not have a federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163, 120 (2000).

---

[3] The Court of Appeal declined to address the claim because "[Petitioner] [was] represented by counsel who alone decide[s] what issues should be raised on appeal." *See Sims*, 2014 WL 3510280 at *2

Here, Petitioner's claim fails for the following reason:

- <u>No Established U.S. Supreme Court Precedent</u>: Petitioner cites no authority for a constitutional right to represent himself, or to have his *pro se* issue decided by the Court of Appeal while represented. [Dkt. No. 1 at 43-44; Dkt. No. 19 at 17-19.] Indeed, no such right exists. *See Martinez*, 528 U.S. at 163, 120; *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation."); *see also In re Walker*, 56 Cal. App. 3d 225, 228 (1976) (finding that once counsel is appointed on appeal, "the attorney has the exclusive right to appear and control court proceedings"). Thus, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1); *see Van Patten*, 552 U.S. at 125-26.

Accordingly, Petitioner's third claim does not merit habeas relief.

### D. <u>Ground Four: Ineffective Assistance of Appellate Counsel</u>

In Ground Four, Petitioner contends that appellate counsel provided ineffective assistance by failing to raise his Confrontation Clause claim on appeal. Specifically, Petitioner alleges appellate counsel should have argued that his right of confrontation was violated because the victim did not testify at trial. [Dkt. 1 at 43-46.]

As a general matter, the standard for evaluating a claim for ineffective assistance of appellate counsel is the standard articulated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Thus, Petitioner must demonstrate that appellate counsel's performance was "objectively unreasonable," and also "must show a reasonable probability that, but for his counsel's [deficient performance], he would have prevailed on his appeal." *See id.* Importantly, appellate counsel "need not (and should not) raise every nonfrivolous claim," but rather may select from among potential claims "in order to maximize the likelihood of success on appeal." *Id.* at 288.

Here, Petitioner's claim fails for three reasons:

- <u>No Evidentiary Support</u>: First, Petitioner's claim lacks evidentiary support because he has failed to provide a declaration from appellate counsel

explaining why he did not raise the issue. *See Virag v. Diaz*, 2015 WL 5092686, at *8 (C.D. Cal. Aug. 26, 2015) (ineffective assistance claim lacked sufficient evidentiary support because petitioner provided no declaration from counsel).

- No Deficient Performance: Second, appellate counsel could have reasonably determined that the issue lacked merit because the prosecution relied almost exclusively on eyewitness accounts of Petitioner striking, pulling, dragging, stomping, and kicking the victim, as summarized above, not on the victim's out-of-court statements. *See Robbins*, 528 U.S. at 285, 288; *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (finding that appellate counsel's failure to raise meritless claim does not constitute ineffective assistance); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance . . . .").

- No Prejudice: Third, it is reasonably probable that the Court of Appeal would have found any Confrontation Clause violation to be non-prejudicial in light of the evidence against Petitioner. *See Robbins*, 528 U.S. at 285; *Strickland*, 466 U.S. at 697; *People v. Cage*, 40 Cal. 4th 965, 979 n.8 (2007) (finding that Confrontation Clause violation is not reversible *per se* and that California courts remain free to determine whether admission of hearsay is prejudicial or harmless).

Accordingly, Petitioner's fourth claim does not merit federal habeas relief.[4]

//

//

---

[4] After Respondent filed the Answer, Petitioner moved for leave to amend his Petition to add claims that he had already raised in the Petition, as well as new claims related to the alleged Confrontation Clause violation and ineffective assistance of counsel. [*See* Dkt. 15-2 at 5-7; Dkt. 15-3 at 3-4.] Petitioner's new claims appear to be exhausted. (*Compare id. with* Lodg. Nos. 9, 12.) Regardless, they are plainly unmeritorious because Petitioner has failed to establish prejudice for the same reasons discussed above in Grounds One, Four, and Five. (*See* Sections II.A., D., *supra*); *see also Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits . . . where it is perfectly clear that the applicant does not raise even a colorable federal claim."). Accordingly, the Court denies the request because amendment would be futile. *See, e.g., Olivares v. Soto*, 588 F. App'x 555 (9th Cir. 2014) (affirming district court's denial of Confrontation Clause and ineffective assistance of counsel claims because they failed for the same reasons under *Brecht*'s harmless error and *Strickland*'s lack of prejudice standards).

### E. Ground Six: Cumulative Error

Sixth, and finally, Petitioner contends that even if the errors in Grounds One through Five do not independently warrant reversal, the cumulative effect of the errors violated his constitutional rights. [Dkt. 1 at 7, 49.]

As a general matter, cumulative error applies where, "although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002, *as amended* June 11, 2002) (citation and internal quotation marks omitted). However, where there is no error in any alleged claim taken separately, there is no cumulative error. *See Mancuso*, 292 F.3d at 957 ("Because there is no single constitutional error in this case, there is nothing to accumulate to a level of a constitutional violation.").

Here, the Court finds that none of Petitioner's claims rises to the level of constitutional error. Because none of Petitioner's separate arguments is meritorious, his cumulative error claim fails as well.

Accordingly, Petitioner's Sixth claim does not merit federal habeas relief.

### F. Certificate of Appealability

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

//

//

//

## III.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT:**

1. The Petition be **DISMISSED WITH PREJUDICE**;
2. The Motion For Leave to Amend the Petition [Dkt. No. 15] is **DENIED**;
3. All other pending motions are **DENIED** as moot and terminated;
4. A Certificate of Appealability be **DENIED**; and
5. Copies of this Order be **SERVED** on the parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 23, 2016

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*